UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

In re:                                      Chapter 7

Nick and Kara Goetzinger,

                                            Case No. 24-21567-rmb

        Debtors.

---

Nick Goetzinger,

                    Plaintiffs,

                                            Adversary No. _____-rmb

vs.

SOFI Bank, N.A.,

                    Defendant.

---

## COMPLAINT TO DETERMINE DISCHARGEABILITY OF STUDENT LOAN DEBT PURSUANT TO 11 U.S.C. § 523(a)(8)

Plaintiff, Nick Goetzinger (hereinafter "Plaintiff"), by his attorneys, Krekeler Law, S.C. by Attorney Noe J. Rincon, hereby brings this Complaint against Defendant, and alleges as follows:

### JURISDICTION & VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. Secs. 1334 and 157(b).

2. Venue is proper pursuant to 28 U.S.C. § 1409 because this proceeding arises in and relates to a bankruptcy case pending in this district.

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(T).

4. Bankruptcy Rules 7001 (6), (7), and (9) require an action of this nature to be filed as an adversary proceeding.

5. Plaintiff consents to the entry of a final judgment by a United States Bankruptcy Court judge.

6. Plaintiff filed his petition for relief under Chapter 7 of the Bankruptcy Code on February 24, 2024 (the "Chapter 7 Case").

## INTRODUCTION

7. Plaintiff seeks to discharge debts that Plaintiff owes Defendant that are not excepted from discharge pursuant 11 U.S.C. §523(a)(8).

## GENERAL ALLEGATIONS

8. Plaintiff is an adult resident of Wisconsin and married individual who resides at 110 S. Jackson Street, Elkhorn, Wisconsin 53121.

9. Plaintiff is a citizen of Wisconsin residing in the Eastern District of Wisconsin.

10. SOFI Bank, N.A. ("Defendant") is a consumer lender with an address located at 2750 East Cottonwood Parkway, Suite 300, Cottonwood Heights, Utah 84121.

11. Defendant is the owner of the debt Plaintiff seeks to discharge.

12. MOHELA is the servicer of the debt for Defendant which Plaintiff seeks to discharge, and has P.O. Box 1022, Chesterfield, Missouri 63006-1022.

### The Student Loans

13. The outstanding balance of the student loans which Plaintiff seeks to discharge in this adversary proceeding is $236,799.19 ("SOFI Loan") as of June 2024, consisting of a loan which refinanced the following loans ("Refinanced Loans"):

    a. Sallie Mae Bank - $100,746.41

    b. Firstmark Services - $71,175.20

    c. Firstmark Services - $64,877.58

**Education**

14. Plaintiff obtained one of the Refinanced Loans (the Sallie Mae Bank loan) for the purpose of obtaining a medical degree from Trinity School of Medicine ("Trinity"), an international medical school based out of Ribishi, St. Vincent and the Grenadines. Plaintiff attended Trinity from August 2015 through December 2021. Plaintiff did not complete the medical degree program. Plaintiff obtained the other Refinanced Loans to attend Arizona State University, where he obtained his bachelor's degree in 2013.

## CLAIM FOR RELIEF - DETERMINATION OF DISCHARGEABILITY OF LOAN OBLIGATIONS NOT EXCEPTED FROM DISCHARGE UNDER 11 U.S.C. § 523(a)(8)(B)

15. Plaintiff hereby realleges and incorporates by reference the allegations set forth in Paragraphs 1 through 14.

16. The Defendant is a private consumer lender engaged in the practice of educational lending and upon information and belief, is an experienced lender and provider of educational loans.

17. The SOFI Loan extended by Defendant to Plaintiff were purportedly for "educational purposes."

18. One of the Refinanced Loans that the was paid by the SOFI Loan extended to Plaintiff was not a "qualified education loan" as defined by 26 U.S.C. § 221(d)(1). Because the underlying loan was not a "qualified education loan," the SOFI Loan did not refinance "indebtedness which qualifies as a 'qualified education loan,'" the SOFI Loan is not a "qualified education loan" excepted from discharge by 11 U.S.C. § 523(a)(8)(B).

19. Under 11 U.S.C. § 523(a)(8), a Chapter 7 discharge:

> Does not discharge an individual debtor from any debt…unless excepting such debt from discharge under [§ 523(a)(8)] would impose an undue hardship on the debtor… for…any other educational loan that is a qualified education loan.

20. A "qualified education loan" is defined by the Internal Revenue Code under 26 U.S.C. § 221(d)(1). "The term 'qualified education loan' means any indebtedness incurred by the [debtor] *solely* to pay qualified higher education expenses." 26 U.S.C. § 221(d)(1)(emphasis added). "The term 'qualified higher education expenses' means the cost of attendance…at an eligible educational institution." 26 U.S.C. § 221(d)(2).

21. The definition of "qualified education loan" includes "indebtedness used to refinance indebtedness which qualifies as a 'qualified education loan.'" 26 U.S.C. § 221(d)(1)(C).

22. However, 26 C.F.R. § 1.221-1(e)(3)(v) further explains that a "qualified education loan includes indebtedness incurred solely to refinance a qualified education loan." The clarification goes on to provide as an example that a "qualified education loan includes a single, consolidated indebtedness incurred solely to refinance two or more qualified education loans." 26 C.F.R. § 1.221-1(e)(3)(v).

23. Furthermore, the statutory language requires that "qualified education loans" solely pay for "qualified higher education expenses." 26 U.S.C. § 221(d)(1). This language is further emphasized by the 26 C.F.R. § 1.221-1(e)(4), where so-called "mixed-use loans" are addressed. Example 6 of 26 C.F.R. § 1.221-1(e)(4) posits a scenario where a *portion*, but not all, of a loan's proceeds are used to pay for some qualified higher education expenses. Such a scenario extends beyond the bounds prescribed by the statute and such loans are not to be considered "qualified education loans." *See* 26 C.F.R. § 1.221-1(e)(4)(Example 6).

24. "[T]he term 'eligible educational institution' has the same meaning given such term by [26 U.S.C. § 25A(f)(2)] except that such term shall also include an institution conducting an internship or residency program leading to a degree or certificate awarded by an institution of higher education, a hospital, or a health care facility which offers postgraduate training." 26 U.S.C. § 221(d)(2)(B).

25. An "eligible educational institution" is defined as an institution (a) "described in section 481 of the Higher Education Act of 1965 (20 U.S.C. 1088), as in effect on the date of the enactment of this section," and (b) "which is eligible to participate in a program under title IV of such Act." 26 U.S.C. § 25A(f)(2).

26. A list of all eligible Title IV schools, including international schools, is listed in the school code list maintained by the United States Department of Education ("Education"). Trinity is not a school listed by Education as an eligible Title IV school as of the list released by the Education in November of 2021.

27. In addition to the list maintained by Education, the IRS provides on its webpage, as an alternative resource for identifying eligible institutions, Education's Database of Accredited Post Secondary Institutions and Programs ("DAPIP"), which also includes international schools. Trinity is not on DAPIP.

28. Furthermore, Trinity's webpage on financial aid focuses almost exclusively on Sallie Mae's "Medical Student Loan" loans, with a chart comparing these loans to a Direct Grad Plus Loan. Trinity's webpage provides no school code or information related to how prospective students may apply for federal financial aid.

29. The program offered by Trinity is a "Doctor of Medicine" or "MD" program. Trinity's MD program is a 4-year program accredited by the Caribbean Accreditation Authority for

Medical Education that results in the issuance of a medical degree. The program is not

and does not include a residency program. Several U.S. medical schools, in addition to

offering medical degrees, also offer residency programs, such as the University of

Wisconsin Department of Medicine Internal Medicine Residency program.

30. For a loan to be a "qualified education loan" under 11 U.S.C. § 523(a)(8)(B), the loan

must be used solely to pay for "qualified higher education expenses," which are expenses

incurred at an "eligible educational institution."

31. Trinity is not an "eligible educational institution" as defined by the Internal Revenue

Code. Trinity is not eligible to participate in a Title IV program per Education's list of

eligible institutions. The program offered by Trinity is not a residency program which

leads to a degree from an institution of higher education under the expanded definition of

"eligible educational institution."

32. Because Trinity is not an "eligible educational institution," the expenses incurred were

not "qualified higher education expenses." Therefore, one of the Refinanced Loans is not

a "qualified education loan" because it was not used to pay for "qualified higher

education expenses."

33. Further still, the SOFI Loan refinanced two sets of loans: a pair of qualified education

loans made to pay for expenses incurred by Plaintiff while he attended Arizona State

University, and a loan made to pay for expenses incurred by Plaintiff while he attended

Trinity. The statutory language of 26 U.S.C. § 221(d)(1)(C) requires that the

"indebtedness…refinance indebtedness which qualifies as a 'qualified education loan."

While part of the indebtedness qualifies as a "qualified education loan," part of it does

not. The SOFI Loan has the character of a "mixed-use loan," removing it from the purview of the exception to discharge under 11 U.S.C. § 523(a)(8)(B).

34. 11 U.S.C. § 523(a)(8)(B) is inapplicable to the SOFI Loan and the SOFI Loan should be discharged as part of the Plaintiff's Chapter 7 discharge.

**WHEREFORE**, Nick Goetzinger respectfully requests:

a.  Declaratory and injunctive relief;

b.  Determination that the SOFI Loan is dischargeable;

c.  An order discharging the SOFI Loan in whole upon the Plaintiff having received an Order of Discharge in his Chapter 7 Case; and

d.  All other such relief as the court deems just.

Dated this 1st day of August 2024.

**KREKELER LAW, S.C.**

*Attorneys for Nick Goetzinger*

Noe J. Rincon
State Bar No. 1124893
26 Schroeder Court, Suite 300
Madison, WI 53711
Phone: 608-258-8555
Fax: 608-663-0287
nrincon@ks-lawfirm.com