So Ordered.

Dated: October 11, 2024



Rachel M. Blise
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| In re:<br><br>Nicholas M Goetzinger and Kara N Goetzinger,<br><br>Debtors. | Case No. 24-21567-rmb<br><br>Chapter 7 |
| Nicholas M Goetzinger,<br><br>Plaintiff,<br><br>v.<br><br>SoFi Bank, N.A, et al.<br><br>Defendants. | Adversary No. 24-02101-rmb |

**ORDER DENYING MOTION FOR DEFAULT JUDGMENT**

Debtor Nicholas Goetzinger filed an adversary complaint on August 1, 2024 against Sofi Bank, N.A. and Mohela seeking a determination that certain student loan debt is dischargeable under 11 U.S.C. § 523(a)(8). The Clerk issued a summons on August 2, 2024, which set a deadline of September 3, 2024 for the defendants to answer or otherwise respond to the complaint. ECF No. 3. On August 5, 2024, Goetzinger filed a certificate of service stating that copies of the summons and complaint had been sent by U.S. Mail to SoFi Bank and Mohela at the following addresses:

SOFI Bank, N.A.
2750 East Cottonwood Parkway, #300
Cottonwood Heights, UT 84121

Mohela
P.O. Box 1022
Chesterfield, MO 63006-1022

ECF No. 4.

Neither SoFi nor Mohela filed a response to the complaint. On September 4, 2024, Goetzinger filed a motion for default judgment, requesting the Court enter a default judgment against SoFi Bank. Goetzinger's motion states that "MOHELA has been named in this action as the service of Plaintiff's loan with Defendant," but the motion did not otherwise seek relief as to Mohela. ECF No. 5. No objections to the motion were filed.

Federal Rule of Civil Procedure 55, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7055, allows a plaintiff to apply to the court for entry of a default judgment against a defendant who fails to respond to the complaint. Fed. R. Civ. P. 55(b)(2). Courts have broad discretion in deciding whether to enter a default judgement. *Silva v. City of Madison*, 69 F.3d 1368, 1377 (7th Cir. 1995). The court cannot grant a default judgment against a defendant that has never been properly served. *See id.* at 1376 ("a responsive pleading is required only after service has been effected and the party has been made subject to the jurisdiction of the federal courts."). For the reasons explained below, the Court will deny Goetzinger's motion for default judgment because the Court does not have personal jurisdiction over SoFi Bank or Mohela.

Valid service of process is a prerequisite for a court to assert personal jurisdiction over a party. *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 103 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."); *Mid-Continent Wood Prods., Inc. v. Harris*, 936 F.2d 297, 301

(7th Cir. 1991) ("[V]alid service of process is necessary in order to assert personal jurisdiction over a defendant."). "The plaintiff bears the burden to show the court has jurisdiction over each defendant through effective service." *Cardenas v. City of Chicago*, 646 F.3d 1001, 1005 (7th Cir. 2011).

Here, Goetzinger has not shown that he properly served SoFi Bank and Mohela, so the Court lacks personal jurisdiction over either defendant. Federal Rule of Bankruptcy Procedure 7004 allows adversary complaints to be served by mail, rather than through personal service, but it sets strict requirements for mail service.

For FDIC-insured banks like SoFi Bank[1], Rule 7004(h) requires that service "shall be made by certified mail addressed to an officer of the institution," with certain exceptions not applicable here. Fed. R. Bankr. P. 7004(h). Goetzinger did not send the summons and complaint to SoFi Bank by certified mail, nor did he direct it to an officer of SoFi Bank.

For other corporate entities like Mohela, the summons and complaint must be mailed "to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process." Fed. R. Bankr. P. 7004(b). Goetzinger did not mail the summons and complaint to the attention of an appropriate officer or agent at Mohela.

Goetzinger did not meet his burden to prove that the defendants were served with the summons and complaint as required under Rule 7004. Therefore, the Court does not have personal jurisdiction over the defendants, and the Court will not grant a default judgment.

The summons issued by the Clerk was valid for only 7 days, so Goetzinger may not re-serve the summons that was previously issued. *See* Fed. R. Civ. P. 7004(e). The Court will

---

[1] A search of the FDIC's website confirms that SoFi Bank, National Association is an insured depository institution. *See* https://banks.data.fdic.gov/bankfind-suite/bankfind/details/26881 (last visited October 10, 2024).

3

Case 24-02101-rmb    Doc 7    Entered 10/11/24 14:10:42    Page 3 of 4

therefore direct the Clerk to issue a new summons pursuant to Federal Rule of Bankruptcy Procedure 7004(e). Goetzinger must serve the new summons, along with the adversary complaint, in accordance with Rule 7004 and file proof of such service.

For the foregoing reasons, IT IS HEREBY ORDERED the plaintiff's motion for default judgment is DENIED without prejudice.

IT IS FURTHER ORDERED that the Clerk shall issue a new summons pursuant to Federal Rule of Bankruptcy Procedure 7004(e).

#####